COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Fitzpatrick
Argued by Teleconferencing


WALTER S. JONES

v.      Record No. 1719-94-3      MEMORANDUM OPINION[*] BY
                                  JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA               FEBRUARY 13, 1996

              FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                    William N. Alexander, II, Judge

              J. Patterson Rogers, 3rd, for appellant.

              Robert H. Anderson, III, Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief), for appellee.


        Walter S. Jones (appellant) was convicted in a jury trial of

malicious wounding, maliciously shooting into an occupied

dwelling, and using a firearm in the commission of malicious

wounding.  On appeal, he argues that the trial court erred in

finding that his exercise of the marital privilege under Code

§ 19.2-271.2 rendered his wife an unavailable witness whose prior

recorded testimony was admissible under the prior testimony

exception to the hearsay rule.  For the reasons that follow, we

affirm the trial court.

        In February 1994, appellant and his wife, Ronetta Jones,

separated.  Appellant's third cousin, Michael Chaney (Chaney),

helped Mrs. Jones move.  On March 6, 1994, Mrs. Jones and Chaney

spent the evening together and returned to Chaney's house.  They

        [*]Pursuant to Code § 17.116.010 this opinion is not
designated for publication.

were sitting in Mrs. Jones' father's car in the driveway when appellant arrived. Appellant fired a gun out of the driver's side window of his car and hit Chaney's front door. Chaney got out of the car and began running towards his house. Appellant fired five to six shots, and one struck Chaney in the back and became lodged in his lung. Chaney was able to reach his house and hid there. Appellant pulled Mrs. Jones out of the car by her hair, beat her, and fired more shots. Chaney's brother called the police, and the police apprehended appellant near Chaney's house.

Appellant was indicted on charges of malicious wounding, maliciously shooting into an occupied dwelling, and use of a firearm in the commission of malicious wounding. He was also charged with misdemeanor assault and battery against his wife arising out of this incident and convicted in the juvenile and domestic relations district court. Mrs. Jones testified against appellant in the misdemeanor assault trial, and appellant called her as a witness at the preliminary hearing on the charges involving Chaney. Her preliminary hearing testimony was recorded.

During the trial on the charges involving Chaney, the Commonwealth requested permission to call Mrs. Jones as a witness. Appellant objected, asserting the marital privilege of Code § 19.2-271.2. The trial court held that appellant did not waive his marital privilege by having called wife as a witness at

2

the preliminary hearing.  However, the court ruled that appellant's assertion of the marital privilege rendered Mrs. Jones an unavailable witness and that her prior recorded testimony was admissible under the prior testimony exception to the hearsay rule.  Appellant then withdrew his assertion of the marital privilege, and the following colloquy occurred between his attorney and the trial judge:

> MR. ROGERS:  Mr. Jones has instructed me to inform the Court that <u>he will withdraw his marital privilege with regard to her testimony</u>, but it is being done so as a result of the Court's ruling with regard to her testimony at the preliminary hearing and its admissibility.  For the purposes of appeal we wish to note that he is not asserting marital privilege at this point because of the fact that I would not, or no one actually on his behalf, otherwise would be permitted to cross examine the witness, if only her testimony as recorded at the preliminary hearing would be introduced.
>
> THE COURT:  Alright, you are withdrawing . . .
>
> MR. ROGERS:  <u>We are withdrawing the objection</u> . . .
>
> THE COURT:  . . . your objection to Mrs. Jones testifying . . .
>
> MR. ROGERS:  Yes.
>
> THE COURT:  . . . in this case?
>
> MR. ROGERS:  Yes, because of the fact that . . .
>
> THE COURT:  I understand, because I've already ruled that the testimony at the preliminary hearing will be admissible.
>
> MR. ROGERS:  Yes sir, and this is the only way that he could get cross examination.

3

(Emphasis added.)  The Commonwealth called Mrs. Jones as a witness, and appellant cross-examined her.  Appellant was convicted in a jury trial of all three charges involving Chaney and sentenced to fourteen years in the penitentiary.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or . . . to attain the ends of justice."  Rule 5A:18.  By withdrawing his objection to the Commonwealth calling his wife as a witness, appellant waived his marital privilege and failed to preserve for appeal the arguments raised in his brief.[1]  Moreover, this record reflects no reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed</u>.

---

[1]Because appellant failed to preserve his arguments for appeal, we do not address the following issues:  (1) whether the marital privilege barred Mrs. Jones from testifying at the trial on the charges involving Chaney; (2) whether appellant waived his marital privilege by calling his wife as a witness at the preliminary hearing; or (3) whether Mrs. Jones was an unavailable witness whose prior recorded testimony was admissible under the prior testimony exception to the hearsay rule.